# WILLKIE FARR & GALLAGHER LLP

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

June 29, 2020

**VIA ECF**

Hon. Gregory H. Woods, U.S.D.J.
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2260
New York, NY 10007

Re:  <u>Wilmington Trust NA, et al. v. Hudson's Bay Company et al.</u>, No. 1:20-cv-03830 (GHW)

Dear Judge Woods,

Pursuant to Rule 2.C of Your Honor's Individual Rules of Practice, we write on behalf of defendants Hudson's Bay Company ULC ("HBC ULC," f/k/a Hudson's Bay Company) and HBC L.P. (together with HBC ULC, "HBC" or "Defendants") to request a pre-motion conference regarding HBC's forthcoming motion to dismiss Plaintiff's Verified Complaint pursuant to Fed. R. Civ. P. 12(b)(1), (6) and (7), and accompanying motion to stay discovery. Defendants' motion to dismiss is currently due by July 1. (Dkt. No. 32.) Defendants respectfully request that the pre-motion conference on their forthcoming motion to dismiss be held on July 8, 2020, when the parties are scheduled to appear before Your Honor for the initial pretrial conference in this action.

## Factual Background

On May 18, 2020, Plaintiff Situs Holdings, LLC, in its capacity as Special Servicer for Wilmington Trust, NA, filed a Verified Complaint (the "Complaint") against Defendants and an emergency OSC seeking (i) a prejudgment freezing order over all of Defendants' assets, and (ii) broad expedited discovery. The Complaint alleges a single claim seeking a Declaratory Judgment that any asset transfers made by HBC in connection with an internal corporate restructuring (the "Internal Restructuring") breached a Loan Agreement—to which neither Defendant is a party—and Operating Lease Guarantees—which contain no asset transfer restrictions at all.

Following expedited briefing, the Court heard oral arguments on Plaintiff's OSC on May 27. At the conclusion of the hearing, the Court denied Plaintiff's requests for a temporary restraining order, a preliminary injunction, and expedited discovery. (Hr'g Tr. 46:17-21; Dkt. No. 28.) In its ruling, the Court recognized what is clear from the face of the agreements themselves—that "the defendants in this action are not bound by the contractual provisions that [P]laintiff claims to have been breached." (Hr'g Tr. 38:7-11.) For this reason, among others previewed below, the Complaint fails to state a claim, and

the Defendants respectfully request the Court's permission to file a motion to dismiss the Complaint. In the meantime, Defendants respectfully submit that discovery should be stayed.[1]

## Legal Bases For Motion

### I. Dismissal Is Proper Under Fed. R. Civ. P. 12(b)(1) Because Complete Diversity Of Citizenship Does Not Exist.

Plaintiff alleges that it is a citizen of Delaware. (*See* Compl. ¶ 26.) HBC L.P. is a Bermuda exempted limited partnership, which has the citizenship of each of its partners for purposes of diversity jurisdiction. HBC L.P.'s general partner is a Bermuda exempted LLC named HBC GP LLC, which is an entity organized under the Bermuda Limited Liability Company Act, 2016, which was modeled after the Delaware Limited Liability Company Act. *See* Conyers Dill, *Bermuda LLCs: A New Entity in a Familiar Form*, available at https://www.conyers.com/publications/view/bermuda-llcs-a-new-entity-in-a-familiar-form/. As such, HBC GP LLC has the citizenship of each of its members. Five of HBC GP LLC's members are investment funds, themselves organized as limited partnerships, managed by Abrams Capital Management, LLC ("Abrams Capital"), a non-party to this litigation. Abrams Capital has informed Defendants that it believes that at least one of its limited partners is a citizen of Delaware. Accordingly, complete diversity is lacking here and this case should be dismissed.

### II. Plaintiff's Claim That The Loan Agreement Has Been Breached Should Be Dismissed Because Defendants Are Not Parties To The Loan Agreement.

As a threshold matter, "[t]he Loan Agreement contains the covenant that plaintiff claims to have been breached here," but Defendants are not a party to that agreement. (Hr'g Tr. 39:7-8, 24-25.) Plaintiff's claim seeking a declaratory judgment that Defendants breached the Loan Agreement therefore fails as a matter of law. *See e.g.*, *Blank v. Noumair*, 239 A.D.2d 534, 534, 658 N.Y.S.2d 88, 88 (2d Dep't 1997) (affirming trial court's dismissal of a breach of contract action where "the defendant was not a party to the agreements in question."); (Hr'g Tr. 37:23-25 ("As a general matter, under New York law, a party must sign a document to be charged to comply with its obligations.").)

Dismissal is also proper on Rule 19 grounds. The Loan Agreement is a contract between the Plaintiff and Borrowers. The Borrowers must be joined in this action as a "required party" under Fed. R. Civ. P. 19)(a)(1). *See Delcon Const. Corp. v. U.S. Dep't of Hous. & Urban Dev.*, 205 F.R.D. 145, 147 (S.D.N.Y. 2002). Because the Borrowers are required parties, this action cannot proceed in their absence. *See, e.g.*, *Weber v. King*, 110 F. Supp. 2d 124, 129 (E.D.N.Y. 2000) (dismissing breach of contract action where plaintiffs failed to join indispensable party, the company at the center of the dispute, and joinder would divest the court of diversity jurisdiction).

---

[1] While discovery should be stayed, in an effort to resolve this matter without further burdening the Court or wasting additional resources, Defendants have provided dozens of documents to Plaintiff consistent with the Court's suggestion at the end of the OSC hearing.

### III. The Operating Lease Guarantees Do Not Contain Any Asset Transfer Restrictions And Are Not Otherwise Alleged To Have Been Breached.

The Complaint does not set forth any breach of the Operating Lease Guarantees—the only agreements at issue to which Defendants are party. *See, e.g.*, *Molecular Sec., Inc. v. TyraTech, Inc.*, 84 A.D.3d 671, 672, 923 N.Y.S.2d 524, 525 (2011) (dismissing breach of contract claim based on the plain language of the agreement at issue). As the Court recognized during the OSC Hearing, "the Operating Lease Guarantees do not impose restrictions on the guarantor's ability to transfer its assets or to restructure itself otherwise, nor do they provide plaintiff information or inspection rights." (Hr'g Tr. 38:19-39:2.) Any asset transfers that occurred as part of the Internal Restructuring could not have, as a matter of law, breached the Operating Lease Guarantees. (*See id.*) Likewise, although Plaintiff seeks a declaration that Defendants breached the anti-assignment provision set forth in Section 4.5 of the Operating Lease Guarantees (Compl. ¶ 58), Plaintiff fails to allege that any assignment occurred in breach of this provision. (*Id.* (alleging only that, "*[t]o the extent that* the April 17th [r]epresentation is read as a purported notice that the Operating Lease Guarantees were assigned to and assumed by HBC Bermuda," it would be a breach) (emphasis added).) Nor could it because, contrary to Plaintiff's suggestion, HBC ULC is the same entity as the one formerly known as "Hudson's Bay Company." *See, e.g.*, *Knutson*, 2018 WL 286100, at *5-6. In short, the same guarantor guarantees the Operating Lease Guarantees pre- and post-Internal Restructuring. Plaintiff does not, and cannot, allege otherwise.

### IV. Defendants Respectfully Submit That The Court Should Stay Discovery Pending The Resolution Of Defendants' Motion To Dismiss.

In denying Plaintiff preliminary injunctive relief and expedited discovery, the Court concluded that Plaintiff could not carry its burden to establish a likelihood of success on the merits because Plaintiff cannot obtain a declaratory judgment—the only relief it seeks—that Defendants' alleged asset transfers breached a Loan Agreement to which they are not a party or Operating Lease Guarantees that do not prohibit asset transfers. (Hr'g Tr. 42:6-43:2.) Plaintiff's Complaint should be dismissed for the same reasons. These fatal defects are established as a matter of law by Plaintiff's Complaint and the contracts submitted with its pleading.

Because Plaintiff's Complaint should be dismissed for the same reasons previously identified by the Court, it makes no sense for Defendants to be required to respond to Plaintiff's burdensome discovery requests. Defendants respectfully submit that all discovery, accordingly, should be stayed. *See, e.g.*, *Johnson v. New York Univ. Sch. of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002) (motion to dismiss could obviate the need for discovery); *Rivera v. Heyman*, No. 96 CIV. 4489 (PKL), 1997 WL 86394, at *1 (S.D.N.Y. Feb. 27, 1997) (granting stay and noting that "[t]he trial court has considerable discretion to control the discovery process in cases before it."); *see also Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72, 75 (S.D.N.Y. 2013) (granting discovery stay where "defendants' argument that the Court lacks diversity jurisdiction appears to be a substantial one that has a strong likelihood of success.").

Respectfully submitted,

/s/ Jeffrey B. Korn

Jeffrey B. Korn

cc: All Counsel of Record (*via* ECF)