

**Michael T.G. Long**
Partner

1251 Avenue of the Americas
New York, New York 10020

**T**: 973 422 6726
**F**: 973 422 6727
**E**: mlong@lowenstein.com

July 1, 2020

**VIA ECF**

Hon. Gregory H. Woods, U.S.D.J.
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2260
New York, New York 10007

Re: *Wilmington Trust, National Association v. Hudson's Bay Company, et al.; Docket No. 1:20-cv-03830-GHW*

Dear Judge Woods:

This firm represents Plaintiff Wilmington Trust, National Association, as Trustee in Trust for the benefit of the Holders of Hudson's Bay Simon JV Trust 2015-HBS, Commercial Mortgage Pass-Through Certificates, Series 2015-HBS, by Situs Holdings, LLC, in its capacity as Special Servicer ("Plaintiff") in the above captioned action. We respectfully submit this letter in response to Defendants' letter, dated June 29, 2020, requesting a pre-motion conference in connection with their anticipated motion to dismiss.

1. **Subject Matter Jurisdiction**

Defendants' first contention is that they "believe" that there is not complete diversity among the parties and, therefore, a lack of subject matter jurisdiction. Defendants raise this issue for the first time since this action was filed nearly six weeks ago. Prior to initiating this litigation, Plaintiff diligently searched public records in the United States, Canada, and Bermuda for information concerning Defendants' organizational and ownership structure. Plaintiff also reviewed the small handful of documents supplied by Defendants but uncovered no mention that any participant in the ownership structure was a Delaware citizen.

On May 18, 2020, as part of the first filing in this case, Plaintiff served Defendants with a demand under Local Civil Rule 26.1 that Plaintiff be provided with "information for all of [Defendants'] partners or members (including sub-partners and sub-members)" in order to obtain citizenship information for the specific purpose of verifying the existence of complete diversity. (*See* ECF No. 10.) Defendants' response was due on May 22, 2020, but was never provided. Defendants participated in numerous meet-and-conferrals among counsel and a hearing before Your Honor but never informed Plaintiff or the Court that jurisdiction was in question. Now, two days before their responsive pleading or pre-answer motion is due, Defendants assert that there ostensibly is



not complete diversity because at least one of the limited partners of one of the members of HBC GP LLC is "believe[d]" to be a citizen of Delaware for diversity purposes.

To date, Defendants have provided only limited information as to the alleged citizenship of their sub-partners and sub-members. It appears that the information is not publicly available and could not have been determined pre-suit despite Plaintiff's good faith diligence efforts. Ironically, Defendants' persistent state of opacity, moving targets, and slow-roll of information pertaining to their organizational and ownership structure goes to the heart of Plaintiff's claim in this matter. That said, if there is a heretofore undisclosed lack of subject matter jurisdiction, that issue should be dealt with as expeditiously as possible. Defendants have indicated that developing evidence of the citizenship of their own sub-partners would likely require litigated subpoenas. Mindful of the parties' and Court's resources, Plaintiff is working with Defendants to devise an acceptable alternative proffer that would confirm whether there is or is not complete diversity here.

### 2. Plaintiff Has Properly Pled a Breach of the Loan Agreement

Defendants next argue that this action should be dismissed because Defendants are not party to the Loan Agreement. Assuming diversity jurisdiction exists and the case proceeds, Defendants are the proper parties to this action.

As a threshold matter, for purposes of a motion under Federal Rule of Civil 12(b)(6), the Complaint must be construed liberally, "accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the [P]laintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). Moreover, when deciding a motion to dismiss, a court "must confine itself to the four corners of the complaint." *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d. Cir. 2008). Courts assessing 12(b)(6) motion may consider documents attached to the Complaint and referenced therein, *DiFolco v. MSNBC Cable, L.L.C.*, 622 F.3d 104, 111 (2d. Cir. 2010), but may not look to extrinsic factual matters and counter-allegations put forward by the defense, *In re China Mobile Games & Entm't Grp., Ltd Sec. Litig.*, Fed Sec L Rep P 99037 (S.D.N.Y. Mar. 7, 2016).

As alleged in the Complaint, the Loan Agreement provides that the Borrower "shall not permit" HBC to make any Transfer, without requisite notice or consent. (Compl. at ¶ 59.) Regardless of whether Defendants are themselves parties to the Loan Agreement, Plaintiff has alleged that HBC, as the "ultimate parent of Borrower" and "knowing full well of the Borrower's obligations under the Loan Agreement, "caused the Borrower to breach its obligation." (*Id.* at ¶ 72.) It is not necessary for the Borrowers to be joined to the suit when the wrongful actions that resulted in a breach were committed by Defendants. *See, e.g., S&S Mach. Corp. v. Gen. Motors Corp.*, No. 93 CIV. 3237 (CSH), 1994 WL 529867, at *5 (S.D.N.Y. Sept. 28, 1994) (contracting party was neither necessary nor indispensable party to action alleging, among other things, defendant interfered with contract and was responsible for non-party's breach); *Brown v. W. Valley Envtl. Servs., LLC*, No. 10CV210A, 2010 WL 5575327, at *6 (W.D.N.Y. Sept. 2, 2010), *report and recommendation adopted*, No. 10-CV-210, 2011 WL 111696 (W.D.N.Y. Jan. 13, 2011) (contracting party was not necessary or indispensable party because "the rights of which plaintiff seeks adjudication in this case are whether defendants interfered with his contract").



### 3. The Complaint Alleges a Breach of the Operating Lease Guarantees

As their final basis for seeking dismissal, Defendants assert that the Complaint does not set forth any breach of the Operating Lease Guarantees. Defendants are wrong. Section 4.5 of the Operating Lease Guarantees provides that "no assignment of this Agreement, in whole or in part, by Guarantor, may be made without the prior written consent" of the Lender and that "any assignment in violation of this Section 4.5 will be void." (Compl. at ¶ 58.) The Complaint further alleges that Defendants breached the Operating Lease Guarantees by making assignments without Plaintiff's notice or consent. (*Id.* at ¶¶ 58, 94-98, 110). Furthermore, contrary to Defendants' position, the Court did not decide that Defendants could not have breached the Operating Lease Guarantees, but rather recognized that it contained the anti-assignment clause that had been pled in the Complaint. (Hr'g Tr. 42:19-21.) Therefore, assuming the Court has jurisdiction, Plaintiffs will show that Defendants are properly named in this action.

### 4. Discovery Should Not Be Stayed

Defendants' final request – a stay of discovery pending resolution of their motion to dismiss – should be denied. Requests to stay discovery are highly disfavored and "courts do not generally grant protective orders without a strong showing of 'good cause.'" *Howard v. Galesi*, 107 F.R.D. 348, 350 (S.D.N.Y. 1985); *see also Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72-73 (S.D.N.Y. 2013). It is well-recognized that, other than a few specific exceptions not present here, motions to dismiss do not automatically stay discovery. *Id*. Indeed, given Defendants' penchant to play "hide the ball" with critical information and documents that would shed light on their conduct here, staying discovery would simply continue to obscure the issues and prolong the resolution of the dispute.

In conclusion, assuming the ostensible subject matter jurisdiction issues are resolved, Plaintiff expects to overcome Defendants' arguments on their motion to dismiss. Plaintiff, however, reserves the right to amend the Complaint as provided for under the Federal Rule of Civil Procedure 15.

We thank you for your time and attention to this matter.

Respectfully submitted,

*/s/ Michael T.G. Long*

Michael T.G. Long

cc: All counsel of record (via ECF)

